brought by the plaintiff in a representative capacity is that if each individual creditor be permitted to sue for himself, there would be a race of diligence, in which the creditors earliest arriving at the point of judgment might wholly exhaust the fund, leaving nothing for other creditors equally meritorious. This argument, coming from a director charged with having misappropriated the funds of the corporation with total disregard for the obligations due creditors, is not persuasive. Moreover, in cases of judgment creditors' bills, the prize due to diligence has been awarded without criticism and with general accord ever since such actions were known. The remedy provided by the statute in favor of the creditors of a corporation against the directors, when the latter undertake to divest the corporation of all of its property and practically dissolve it without taking the proceedings for a voluntary dissolution which are prescribed by law, does not supersede or abolish the simple and efficacious creditors' bill to enforce an equitable lien upon property misappropriated but traced into the hands of an offending director or trustee.

Motion denied, with $10 costs.

---

SHALEK v. JETTER et al.   (No. 7919.)

(Supreme Court, Appellate Division, First Department.   November 19, 1915.)

CORPORATIONS ⊂⇒548—CREDITORS' SUIT—DISTRIBUTION OF PROPERTY.

    Where the property of a corporation was sold by the directors and a fund more than sufficient to pay debts was set aside, but creditors were not notified to prove their claims against such fund, and the property of the corporation was not disposed of in accordance with law for the dissolution of corporations, an action by a creditor against the directors to compel payment of his claim, out of a part of the corporate funds remaining in the directors' hands after the distribution of the proceeds of the sale among the stockholders, cannot be defeated on the ground of the creation of such fund.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2182–2186; Dec. Dig. ⊂⇒548.]

Appeal from Special Term, New York County.

Action by Frederick J. Shalek against the Jetter Brewing Company, impleaded with others. From an order sustaining a demurrer to the answer, defendants appeal. Affirmed.

The opinion of Shearn, J., at Special Term, is as follows:

    It has already been held that this action "is in the nature of a creditors' bill, a search and trace by a diligent judgment creditor for, and the enforcement of an equitable lien upon, the assets of the corporation that have been distributed by the trustees in violation of law." 155 N. Y. Supp. 972. The complaint alleged that of this illegal distribution a sum sufficient to satisfy plaintiff's judgment remains in the hands of the directors, and it is upon such funds that the action seeks to enforce a lien. It is now alleged as a defense by the defendant Jetter, one of the directors, that at the time of the transfer by the corporation of all of its assets a fund amounting to $40,-000 was set aside and specially deposited as a trust fund for the purpose of paying debts of and claims against the corporation, and for a long time thereafter sufficient funds remained of such amount, more than enough to

cover the claim of the plaintiff, but that during all·of said time the plaintiff failed to present his claim, although he was aware of the creation and the existence of the fund, and that by this alleged negligence and these alleged laches plaintiff has lost his rights. It is not alleged that the vendee assumed payment of the debt, or that it set aside the alleged fund. The directors could not relieve themselves of personal liability by going through the form of "setting aside a fund."

What constituted the alleged "setting aside" of a fund? Where was it ·deposited, and with whom and under what conditions? What became of the fund? It is not alleged that the so-called fund was withdrawn from deposit only after notice to the creditors. If the creation of such a fund amounted to anything, it could only be by making the deposit under such terms as precluded the withdrawal of the fund upon notice to all creditors. To set aside a fund for the purpose of paying debts, but without paying them, is no defense against a creditor whose judgment has been made worthless by the sale of all of the debtor's property without notice and the division of the proceeds among the stockholders and directors. .The case of Darcy v. Brooklyn & N. Y. Ferry Co., 196 N. Y. 99, 89 N. E. 461, 26 L. R. A. (N. S.) 267, 134 Am. St. Rep. 827, makes it clear that directors who sell and tranfer the assets of their company without taking the steps provided by the General Corporation Law and the Stock Corporation Law do so at their peril. The plea that directors may interpose alleged negligence in presenting a claim short of the statutory period of six years as an excuse for their misconduct needs no consideration.

The demurrer to the separate defense in the amended answer is sustained, with costs.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

A. A. De Cicco, of New York City, for appellant.
H. A. Rubino, of New York City, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of Shearn, J., at Special Term. Order filed.

---

PEOPLE ex rel. BROWN v. KELLER et al. (Hicks, Intervener).

(Supreme Court, Appellate Division, Second Department. November 19, 1915.)

1. ELECTIONS ⊜221—BALLOTS—METHOD OF VOTING—VALIDITY.
   Where a voter took his general ballot, after having marked it, and sealed it, with the enrollment blank, in an envelope, handing it to the judges, his vote was never cast, and is void, under Election Law (Consol. Laws, c. 17) § 359, requiring that in voting the voter shall hand his ballot, with the stub visible, to the inspectors of the election, since all of the requirements of the law must be sufficiently complied with.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 191; Dec. Dig. ⊜221.]

2. ELECTIONS ⊜194—BALLOTS—METHOD OF VOTING—VALIDITY.
   A ballot, which, after being marked, is inclosed in an envelope, along with an enrollment slip, is void under Election Law (Consol. Laws, c. 17) § 358, as amended by Laws 1913, c. 821, providing that if .a voter shall do any act extrinsic to the ballot itself, such as inclosing any paper or other article in the folded ballot, such ballot shall be void, for placing the ballot in a sealed envelope identifies it.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ⊜194.]